[No. 38380-9-I.    Division One.    May 5, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. PAVEL
STEPAVEHN KRAVCHUK, *Appellant*.

*Eric Broman, Andrew Hoyal,* and *Nielsen & Acosta,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jennifer Gilman, Deputy,* for respondent.

PER CURIAM. — Pavel Kravchuk appeals the order of disposition entered following an adjudication of guilt for failing to display a driver's license to a police officer on demand. He contends the juvenile court lacked statutory authority to enter a disposition pursuant to RCW 13.40.0357 because the charge was not an "offense" as that term is used in the juvenile justice act (JJA). He asks this court to vacate the order of disposition with instructions that no further order of disposition be entered. The State concedes error but requests a remand for disposition under the penalty schedule for traffic infractions.

We agree that the disposition exceeded the court's authority but remand for consideration of the applicable traffic infraction penalties.

## FACTS

The State originally charged Kravchuk with one count of operating a motor vehicle without a valid license and one count of obstructing a police officer. The State later amended the first count to an alternative charge of no

valid operator's license on person or failing to display a driver's license to a police officer on demand.

The juvenile court found Kravchuk guilty of failing to display a driver's license in violation of RCW 46.20.190 and not guilty of obstructing a police officer.

At the disposition hearing, defense counsel argued that the statutory disposition standards—which included community supervision and community service—did not apply because Kravchuk was found guilty of committing a traffic infraction; therefore, the applicable range of punishment was a $47 fine or "bail amount." The State argued, and the court agreed, that the JJA's definitions of "violation" and "offense" are "broad enough to include an infraction." The court stated:

> We have to remember also that, while we are in juvenile court, we don't really have crimes, per se; we have offenses. And these are seen a bit differently than adult crimes. So, I think there is no injustice done to the statute in that regard.

The court ultimately imposed a standard range sentence of four hours of community service and community supervision terminating either at the completion of community service or three months, whichever occurred first. The court stayed the disposition pending appeal.

## DECISION

Kravchuk argues, and the State concedes, that the trial court lacked authority to impose a disposition under RCW 13.40.0357 because his infraction did not qualify for disposition under that statute. The argument and concession are well taken.

■■ The disposition portion of the JJA sets out disposition standards for various "offenses." RCW 13.40.0357. For middle offenders like Kravchuk, the JJA requires commission of an "offense" as a prerequisite to disposition under the ranges in RCW 13.40.0357. RCW 13.40.020(17); RCW 13.40.160(4)(a). The JJA defines "offense" as

an act designated a violation or a crime if committed by an adult under the law of this state, under any ordinance of any city or county of this state, under any federal law, or under the law of another state if the act occurred in that state[.]

RCW 13.40.020(19). The Act also defines "violation" as

an act or omission, which if committed by an adult, must be proven beyond a reasonable doubt, and is punishable by sanctions which do not include incarceration[.]

RCW 13.40.020(27). Under these definitions, Kravchuk's violation of RCW 46.20.190 was not an offense.

If committed by an adult, a violation of RCW 46.20.190 is not a crime. *See* RCW 46.63.020. And because a violation of RCW 46.20.190 need not be proved beyond a reasonable doubt, RCW 46.63.090(3), it is not a "violation" for disposition purposes under the JJA. Therefore, Kravchuk's infraction was not an "offense" under the JJA.

To the extent the trial court felt the infraction qualified for disposition under the provision for "Other Offense[s] Equivalent to an Adult Misdemeanor," RCW 13.40.0357, it erred. That catch-all provision does not encompass infractions. It merely ensures that any adult misdemeanors not specifically listed in RCW 13.40.0357 are also subject to juvenile disposition. As our previous discussion demonstrates, Kravchuk's violation would not be a crime if committed by an adult; therefore, it is not encompassed by the catch-all provision.

In short, the trial court exceeded its authority in applying the disposition standards of RCW 13.40.0357 to Kravchuk's infraction.

■ Kravchuk asks us to reverse and vacate the disposition with instructions that no further disposition be entered. But as the State correctly points out, the juvenile court had authority to impose a monetary penalty. Under RCW 46.63.110(1) and (2), any "person" who has committed a traffic infraction "shall be assessed a monetary penalty" pursuant to the Supreme Court's schedule of

traffic infraction penalties, which is located in IRLJ 6.2. Several considerations convince us that the Legislature intended that a disposition in these circumstances be made pursuant to IRLJ 6.2. First, juveniles are "persons" and neither the JJA nor the juvenile court rules address penalties for traffic infractions committed by juveniles sixteen or older.[1] Second, except in limited circumstances, jurisdiction over traffic infractions committed by juveniles age sixteen or older lies in the courts of limited jurisdiction. RCW 13.04.030(1)(e)(iii).[2] The plain intent of these provisions is that juveniles sixteen or older be treated like adult drivers for purposes of traffic infraction penalties.

We conclude, therefore, that the juvenile court had authority to enter a disposition under the penalty schedule for infractions in IRLJ 6.2. Accordingly, we remand for disposition under that rule.

---

[1]*See* RCW 13.40.250 (traffic infraction penalties for juveniles under sixteen).

[2]RCW 13.04.030(1)(e)(iii) provides that courts of limited jurisdiction have jurisdiction over traffic infractions committed by juveniles age sixteen or older unless, as in this case, another offense or infraction subject to juvenile court jurisdiction arises out of the same event or incident. In the latter scenario, the juvenile court "may have jurisdiction of both matters."